**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD H. BLAISDELL, | No. 12-17793 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00554-LEK-BMK |
| v. | |
| HAWAII DEPARTMENT OF PUBLIC SAFETY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted October 14, 2015[**]

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Hawaii state prisoner Richard H. Blaisdell appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with the treatment of his prison trust account.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We vacate and remand.

The district court properly dismissed Blaisdell's action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). However, the district court prematurely dismissed the action with prejudice. Accordingly, we vacate the judgment and remand to permit Blaisdell to voluntarily dismiss his action if he so chooses.

Because this appeal does not concern Blaisdell's ability to proceed in forma pauperis, we do not consider Blaisdell's contentions concerning whether a prior action counts as a strike under the Prison Litigation Reform Act.

**VACATED and REMANDED.**